# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

___

In re                                              (Chapter 13)

Peggie Mae Bolton,                                 Case No. 05-26436-MDM

       Debtor.

___

## MEMORANDUM DECISION
___

This matter is before the court to resolve a dispute regarding the secured status of M&I Bank's claim in Peggie Mae Bolton's chapter 13 bankruptcy. The court took the matter under advisement following a hearing on September 29, 2005. And after giving due consideration to the submissions of the parties and the applicable law, the court overrules the debtor's objection and allows the claim as filed.

### Relevant Facts

On December 12, 1996, the debtor and Ernest Bolton (together "Boltons") executed and delivered a promissory note ("note") in the amount of $32,100 to M&I Bank. On the same day, the Boltons executed and delivered a mortgage to M&I Bank to secure payment of the note. The mortgage was duly recorded and perfected in Racine County on December 17, 1996. On February 13, 2004, M&I Bank obtained a $35,346.50 personal judgment against the Boltons for non-payment of the note. On April 21, 2005, the debtor filed her chapter 13 petition. M&I Bank filed a proof of claim secured by the mortgage showing $39,898.96 due as of May 12, 2005.

The debtor objected to M&I Bank's secured status on the grounds that M&I elected to give up any security interest in the property when it sued the Boltons for a money judgment. The

only issue for the court to decide is whether M&I Bank's claim in the debtor's chapter 13 bankruptcy is secured under 11 U.S.C. § 506(a). Or, more specifically, whether M&I's pursuit of a personal judgment against the Boltons released or otherwise extinguished its security interest in the subject real estate.

This court has jurisdiction under 28 U.S.C. § 1334. This is a "core proceeding" under 28 U.S.C. § 157(b)(2)(B). This memorandum decision constitutes the court's findings of fact and conclusions of law under Fed. R. Bankr. P. 7052.

**Argument**s

The debtor admits her argument, "leaves one feeling in the position of swimming upstream against a robust current." The debtor first argues that the cases cited by M&I Bank, "are rooted no later than the 1930s . . . [and] . . . are ripe for re-examination and change to the point that a mortgage lender is confined to one remedy or the other of dollar judgment or foreclosure. . . ." Second, the debtor argues that <u>Bank of Sun Prairie v. Marshall Development Company</u>, 242 Wis.2d 355, 626 N.W.2d 319 (Wis. App. 2001), is distinguishable from the instant case because, "it applied to actions concerning multiple pieces of real estate and has reduced application to a single parcel."

M&I Bank asserts that, "[t]here is no case law or statute which declares that a mortgage holder elects to release its lien interest when a personal judgment is obtained on the underlying Promissory Note." In support of the secured status of its claim, M&I Bank cites <u>White Eagle Building & Loan Association v. Freyer</u>, 286 N.W. 32, 34, 231 Wis. 563 (1939), which states, "[i]t is well settled law in this state that a mortgagee may bring an action on his note or bond, secured by a mortgage, and obtain judgment for the amount thereof, and that later on, in case

2

such judgment is not paid, he may bring a foreclosure action."

## Analysis

The 1939 <u>White Eagle</u> decision, upholding a secured creditor's right to foreclose in a separate action after suing on the note, has not been overruled nor even questioned by another court, and it is still good law in Wisconsin. The 2001 <u>Bank of Sun Prairie</u> decision supports <u>White Eagle's</u> continued vitality.

In <u>Bank of Sun Prairie</u>, the underlying note was secured by two different pieces of real estate. <u>Bank of Sun Prairie</u>, 626 N.W.2d at 321. When the obligor defaulted, the creditor foreclosed on one of the properties and obtained a deficiency judgment for the unsatisfied portion of the note. <u>Id</u>. The creditor then attempted to foreclose on the second property. <u>Id</u>. The property owner, who was not an obligor on the note or liable for the deficiency judgment, objected, arguing that the note merged into the foreclosure and deficiency judgment, and that the creditor's rights were restricted to enforcing the judgment since the note no longer bound the parties. <u>Id</u>. The trial court agreed and granted summary judgment in favor of the owner of the second piece of property.

The court of appeals reversed and stated that, "[a]llowing an action to foreclose on a mortgage securing a debt that has been reduced to a judgment is the general rule . . . ." <u>Id</u>. at 363. The court's eventual holding in <u>Sun Prairie Bank</u> – allowing the creditor to foreclose on the second property to satisfy its deficiency judgment following foreclosure on the first property – is consistent with Restatement of Judgments, cited in the case, and with the <u>White Eagle</u> doctrine. This relatively recent decision of the Wisconsin Court of Appeals concludes that under Wisconsin law merger only relates to the note and the judgment, but it does not prevent the

3

creditor from foreclosure, a different remedy to enforce its debt in its new form.  There is no reason to believe the Wisconsin Supreme Court would take a different view if it confronted the issue.

## CONCLUSION

M&I Bank did not give up its right to foreclose on the mortgage when it sought and obtained a personal judgment against the Boltons.  The 2001 <u>Bank of Sun Prairie</u> decision reinforces the creditor's right to two separate types of relief, enforcement on the note and a separate foreclosure on the land securing the debt.

Accordingly, M&I Bank's claim in the debtor's chapter 13 bankruptcy is secured by the debtor's real estate, and the debtor's objection is overruled.  A separate order consistent with this decision will be entered.

November 2, 2005

                                    Margaret Dee. McGarity
                                    U.S. Bankruptcy Judge